# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgar De Jesus Rivera Sanchez, | No. CV-25-04424-PHX-SHD (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241. (Doc. 1.) The Court will order Respondents[1] to show cause why the Petition should not be granted.

**I.     Background**

Petitioner is a citizen of Columbia who entered the United States in November 2024 with his wife. (Doc. 1 ¶ 2.) Petitioner was apprehended by border patrol and then released on an Order of Recognizance and directed to appear before an Immigration Judge in 2025. (*Id.*)  On June 24, 2025, Petitioner appeared for his first immigration court hearing, at which DHS moved to dismiss immigration proceedings without prejudice. (*Id.* ¶ 3.)  Following the proceeding, Petitioner was arrested and taken into immigration custody where he remains. (*Id.* ¶ 4.)

Petitioner alleges he suffered a traumatic brain injury in 2017, which left him with

---

[1] Petitioner names United States Department Homeland Security ("DHS") Secretary Kristi Noem; Attorney General Pamela Bondi; Immigrations and Customs Enforcement ("ICE") Phoenix Field Office Director Acting Director Todd Lyons; and Florence Servicing Processing Center Warden Luis Rosa, Jr. as Respondents.

permanent disabilities and mental health conditions that make it difficult to walk and communicate. (*Id*. ¶ 1.) On top of that, Petitioner was diagnosed with schizophrenia and bipolar disorder, which require antipsychotics and antidepressants to manage, and he alleges he is not receiving appropriate treatment in immigration detention. (*Id*. ¶ 17.)

Petitioner filed the instant Petition arguing his rearrest and detention without any procedural process violates his procedural and substantive due process rights. Petitioner also argues "Respondents have deprived Petitioner of his liberty interest in health and safety without any legitimate purpose in violation of his substantive due process rights under the Fifth Amendment." (*Id*. ¶ 44.)

## II.     Summary Dismissal of Count Three

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing § 2254 Cases; *see also, e.g., Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

In *Pinson v. Carvajal*, the Ninth Circuit clarified the scope of claims that may be brought in habeas corpus proceedings. 69 F.4th 1059 (9th Cir. 2023). A claim sounds in habeas corpus only "if a successful petition demonstrates that the detention itself is without legal authorization." *Id.* at 1070 (emphasis in original). "By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus," and a court thus lacks jurisdiction to consider them. *Id.* at 1071. In determining whether a claim lies in habeas corpus, "the relevant question is whether, based on the allegations in the petition, release is legally required irrespective of the relief requested." *Id.* at 1072 (emphasis omitted).

In this case, Petitioner believes his serious medical conditions—a traumatic brain injury, schizophrenia, bipolar disorder, left side ataxia, and aphasia—are not and cannot be adequately treated while in immigration detention. While the Court recognizes Petitioner's conditions are serious, they are not a challenge to the legal authority of his

1  detention. This claim, therefore, does not properly sound in habeas corpus, and this
2  Court lacks jurisdiction to consider it under § 2241. *Id.* at 1075; *see also Wragg v. Ortiz*,
3  462 F. Supp. 3d 476 (D.N.J. 2020) (finding claims seeking release to non-prison settings
4  are really unconstitutional conditions of confinement cases which are not yet cognizable
5  on habeas review); *Toure v. Hott*, 458 F. Supp. 3d 387, 399 (E.D. Va. 2020) (finding
6  detainees who sought release due to COVID-19 conditions were not challenging the fact
7  or duration of their detention and therefore their claims were not cognizable on habeas).

## III. Order to Show Cause

A growing number of district courts have held that individuals have a protected liberty interest in their release from immigration detention and, after applying the *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976), three-part test, must receive a pre-deprivation hearing before rearrest and detention. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); *see also Y.M.M. v. Wamsley*, No. 2:25-02075, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025); *Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *5,__ F. Supp. 3d __ (W.D. Wash. Sep. 12, 2025); *E.A. T.-B. v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *2–6,__ F. Supp. 3d __ (W.D. Wash. Aug. 19, 2025); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is inherent in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

It does not appear from the Petition that Petitioner received any process at all before his rearrest and detention. Respondents must therefore show cause why the Petition should not be granted.

…

**IT IS THEREFORE ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(4) Respondents must show cause no later than **December 9, 2025** why the Petition should not be granted. Petitioner may file a reply no later than **December 11, 2025**.

Dated this 2nd day of December, 2025.

_____
Honorable Sharad H. Desai
United States District Judge